[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has alleged the defendant Philip Pottinger stole a man's diamond ring belonging to him. (Rolf and Philip are brothers). The ring was owned by the father of the parties, who died intestate. The defendant claims his father gave him the ring while he was still alive and that, after the father's death his mother, in accordance with his father's wishes, gave the ring to Philip. The plaintiff alleges that the father gave the ring to him and another brother, Roger who is now deceased.
Ostensibly the plaintiff labels this action as one to quiet title brought under the provisions of Connecticut General Statutes § 47-31, which presumably authorizes actions to quiet title in personal property (even though § 47-31 is, quizzically, in the chapter dealing with land and land titles).
In response to the complaint the defendants raised four special defenses as follows:
1. insufficient facts alleged upon which relief can be granted.
2. the claims are time barred. CT Page 13550
3. laches.
4. there is no common law action to quiet title.
This case came to trial on August 16, 2001. At the close of the day's testimony, the plaintiff was faced with the unpleasant prospect of calling Emma Pottinger, the 91 year old mother of the named parties. Because one or more of the special defenses could be dispositive of the case, the Court permitted the defendant to move for summary judgment on the special defense issues and briefs were submitted by the parties.
Although the plaintiff did not plead that his action was brought pursuant to § 47-31, it is not a fatal omission. Stephenson'sConnecticut Civil Procedure, third edition, § 43. In any event the plaintiff has pled sufficient facts to allege a conversion.
The plaintiff's claim is, however, barred by the Statute of Limitations. Connecticut General Statutes § 52-577 provides that "no action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
In this case, the plaintiff's cause of action is grounded in conversion or theft. The claim clearly is that Philip converted or stole the ring in question. (Complaint paragraphs 4 and 5). Since this is a cause of action sounding in tort, it is subject to the statute of limitations.
The plaintiff testified that both he and Roger knew or were convinced that Philip had taken the ring in 1987, but that neither he nor Roger took any legal action until this suit was commenced in January, 2000. And even if, as Rolf testified, he had proof in 1993 that Philip had the ring when he learned from a local jeweler that Philip had brought the ring in question to said jeweler to be reset into a woman's setting, it was still almost seven years before the suit was brought.
This Court concludes that the action is time-barred pursuant to §52-577. It is also barred by the doctrine of laches. The plaintiff unreasonably delayed bringing this suit. The defense of laches is applicable (1) when the plaintiff unreasonably delays bringing the action, and (2) the defendant is prejudiced by the delay.
The foregoing facts support the finding that the plaintiff unreasonably delayed bringing this action, whether we use the delay from 1987 or 1993. No reasonably plausible explanation was advanced to justify such lengthy delays.
The prejudice to the defendant is that he had the stone changed from a CT Page 13551 man's to a woman's setting and the two smaller side diamonds made into earrings. The original ring no longer exists and the defendant has incurred the costs of making the new ring and earrings, in addition to the cost of insuring it (to which the defendant testified).
For these reasons the defendants' motion for summary judgment is granted.
Klaczak, J.